# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LORENZO VAGI,** on behalf of himself and all others similarly situated. | ) )  CASE NO. 1:7-cv-2345 |
| Plaintiff, | ) ) JUDGE |
| v. | ) ) |
| | ) **COLLECTIVE ACTION COMPLAINT** |
| **BLUE RIBBON MEATS, INC.** c/o BDB Agent Co., Statutory Agent | ) ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

Plaintiff, Lorenzo Vagi, by and through counsel, for his Complaint against Defendant Blue Ribbon Meats, Inc., states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who have joined or may join this case pursuant to § 216(b) ("the Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. Plaintiff Lorenzo Vagi is a resident of Ashtabula County, Ohio.

6. Plaintiff worked for Defendant as an hourly non-exempt employee within this district and division.

7. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

8. Defendant is an Ohio corporation located at 3316 W. 67th Place, Cleveland, Ohio 44102. It can be served through its registered agent, BDB Agent Co., 3800 Embassy Pkwy, Suite 300, Akron, Ohio 44333.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff's written consent to join this action pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

13. Defendant is in the business of processing, distributing and selling meat and seafood. Defendant employed hourly non-exempt meat cutters and meat wrappers.

14. Plaintiff was employed by Defendant as an hourly, non-exempt meat cutter from approximately April 2016 to March of 2017.

15. Other similarly-situated employees were employed by Defendant as non-exempt hourly meat cutters and meat wrappers.

16. Plaintiff and other similarly-situated employees were not paid for the following work performed before their scheduled start times and after their scheduled stop times: donning and doffing beard guards, hair nets, gloves, jackets, aprons and boots; walking to their locker rooms; walking from their locker rooms; placing soiled garments down the laundry shoot; and, putting knives, scales and other equipment away in their lockers.

17. Before Plaintiff and other similarly-situated employees began their shifts, they donned personal protective equipment, including, but not limited to, hair nets, beard guards, gloves, jackets and aprons. These items had to be donned at work and could not be worn outside of the building.

18. The time Plaintiff and other similarly-situated employees spent donning their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, the Occupational Safety and Health Administration ("OSHA") and the U.S. Food and Drug Administration ("FDA"), and was performed for the Defendant's benefit in that it helped keep the production floor safe and sanitary, and it helped promote a more safe and efficient manufacturing (production) process.

19. Plaintiff and other similarly-situated employees were not paid for time spent donning their personal protective equipment.

20. After donning their personal protective equipment, Plaintiff and other similarly-situated employees walked from the area in which they changed into their personal protective equipment to their work area. Such time constitutes "postdonning walk time."

21. Plaintiff and other similarly-situated employees were not paid for their postdonning walk time.

22. At the end of their shift, Plaintiff and other similarly-situated employees walked from their work areas to the area in which they changed out of their personal protective equipment. Such time constitutes "predoffing walk time."

23. Plaintiff and other similarly-situated employees were not paid for their predoffing walk time.

24. The time Plaintiff and other similarly-situated production employees spent doffing their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, OSHA, and the FDA, and was performed for Defendant's benefit in that it helped keep the work area and sanitary, and helped promote a more safe and efficient manufacturing process.

25. Plaintiff and other similarly-situated employees were not paid for time spent doffing their personal protective equipment.

26. At the end of their shift, Plaintiff and other similarly situated employees also placed their soiled garments down the laundry shoot and put their knives, scales and other equipment away in their lockers. These were also indispensable and part of their principal activities. Plaintiff and other similarly situated employees were not paid for the time spent performing these activities.

27. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over forty (40) each workweek.

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

29. Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiff and other similarly-situated employees.

30. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work was up to approximately 30 to 60 minutes each day.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly-situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

32. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current hourly non-exempt meat cutter and meat processor employees of Defendant Blue Ribbon Meats, Inc. employed in Ohio three years preceding the date of filing of this Complaint to the present.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of

those other employees and is acting on behalf of their interests as well as his own in bringing this action.

34. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), to collectively adjudicate their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 785.24.

37. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

38. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

39. Because of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated persons, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), informing all class members that this litigation is pending and they have a right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
Michaela Calhoun (0093546)
Nilges Draher, LLC
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
330-470-4428
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ *Shannon M. Draher*
Shannon M. Draher
Counsel for Plaintiff